1

## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc.** and **CHAD M. KOEHN**<br><br>          Plaintiffs, counter-defendants<br><br>     v.<br>Michael Nelson<br><br>       Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:**    **5:22-CV-04008-JWB-TJJ**<br><br>**CIVIL ACTION**<br><br>**SHOW CAUSE REPLY TO INTERLOCUTORY APPEAL JURISDICTION**<br><br>**Court of Appeals Docket #:** 23-3005 |

Now Comes, Michael Nelson, in Court of Appeals Docket Number: 23-3005 informing the Honorable US Federal Court of Appeals for the TENTH Circuit of ERROR, in Order of the Court entered by Lara Smith Counsel to the Clerk; CHRISTOPHER M. WOLPERT. Submit the following brief to the Court, by way of statement:

> **"On or before January 27, 2023, the defendant is directed to file in this court** a memorandum brief explaining any legal basis to support this court's jurisdiction to consider his appeal now. See 10th Cir. R. 27.3(B) (describing requirements for memorandum briefs). The memorandum brief should address only the jurisdictional issue raised in this show cause order. SEE page 2 Document: 010110797700"

The Clerk ERRORS in the Order, by not reading the NOTICE of APPEAL and initial brief. Neither the NOTICE of APPEAL nor initial brief discusses nor <u>has anything whatsoever to do with</u> <u>ECF 349.</u> The Notice of Appeal States on the FIRST PAGE of the NOTICE of APPEAL and initial brief that it is an **APPEAL of Order of the Court in Document 334.** The Clerk's Order incorrectly against the interests of justice, creates manifest injustice, in the plain error made by not reading the Notice nor initial brief, that has nothing to do with ECF 349; filed the same day as the notice and initial appeal. The Interlocutory Appeal is from Order of the Court in Document 334, an Order which denied five (5) separate appeals brought under Rule 72, from decisions of the Magistrate Judge, who since has issued a formal recusal of herself and her office from the proceedings.

2

This Interlocutory Appeal is necessary to prevent a miscarriage of justice and to stop further manifest injustice in the matter before the District Court.  There is no other means to prevent the further manifest injustice than to seek immediate interlocutory appeal on the issues which the Appeal concerns, not those issues not appealed which the Clerk's Order IMPROPERLY seeks to dispense with a justified and CONSTITUTIONALLY BASED QUESTIONS in the Interlocutory Appeal on Constitutional Grounds.

The issues addressed by the District Court's Order which is Appeal have to do with direct threat of incarceration, demonstrating cruel and unusual punishment in violation of the 8th Amendment to the US Constitution.  Being forced by one Court to violate the restrictions of that of another Court.  There exists issues pertaining to several constitutional rights.

See Page 1, of the Notice of Appeal and initial brief: "This Court should "in accord with common practice, [] stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato, 549 U.S. 384, 393-94 (2007).* A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). This interlocutory appeal is to prevent further manifest injustice and apprise the Courts of misconduct. I appealed **Orders of the Court under Documents 334,** and denied Magistrate Appeals of documents **254, 255, 266, 289, 292; for plain error as I seek STAY of this matter."**

This INTERLOCUTORY Appeal is directly and only applicable to the Appeal of Order of the District Court in ECF 334, which absent immediate appeal interlocutory the merits of any trial will be **tainted and create irreversible error thereupon, clearly establishing plain error.**

Under the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949)*, an order that determines a right separable from, and collateral to, rights asserted in the action, too important to be denied review [emphasis added] and too independent of the

cause itself to require that appellate consideration be deferred until the whole case is adjudicated can

be immediately appealed, especially wherein here is to prevent further manifest injustice.

       The timely filing of a notice of appeal in civil cases is mandatory and jurisdictional. Unlike the

criminal appeal period, which appears only in the rules of procedure, the civil appeal period is set by

statute in *28 U.S.C. § 2107* and is therefore mandatory and jurisdictional. *See Bowles v. Russell, 551*

*U.S. 205 (2007)*    Notice of appeal in a civil case must be filed "within 30 days after the date of entry

of the judgment or order appealed from." *Fed. R. App. P. 4(a)(1).*    This statutory requirement was met.

       *Under 28 U.S.C. § 1651*, the Supreme Court and all courts established by Congress may issue

all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law. Petitions for writs of mandamus, prohibition, and other extraordinary relief are

governed by *Fed. R. App. P. 21.* WRITS are sought including mandamus and prohibition for cause and

to prevent further manifest injustices, correct plain error which threatens to taint trial upon the merits

and therefore Writ of Coram Nobis may also be applicable given the severity of the situation here.

       An appellate court to review interlocutory or non-final court orders, in specified instances in

which a **trial court commits a plain** or **fundamental error**, or **constitutional questions, all THREE**

**of which present themselves here in the Order ECF 334, from which appeal is sought. The**

**Order of the Clerk improperly and against the interests of justice chooses an order which is not**

**mentioned nor is appealed from at this time.**

       This APPEAL does not concern any "sanctions".   An appellate court will treat a prejudgment

order as "final" if it conclusively resolves an important issue independent of the merits of the case, and

the order is effectively unreviewable on appeal due to the irreversible effects of the decision, as we

have here in the Appeal made from Order 334, which denied the appeals from the now recused Federal

Magistrate, where the Court erred in not reviewing the Magistrate reports de novo, as required by the

law, and the utilization of travel restrictions in a parallel criminal case, to prevent the attendance at

hearing by an unrepresented party appearing pro se, thereby **denying fundamental rights to due process of law** and brings further CONSTITUTIONAL Questions as the legitimacy of further proceedings in the matter.

Under 28 U.S.C. 1292(b), review of an interlocutory order that features a **controlling question of law** where there is substantial ground for a difference of opinion, and where an immediate appeal may materially advance the ultimate termination of the litigation as here. The District Court, has not afforded properly the opportunity for the undersigned to be heard before the Court and has instead utilized the conflicting orders of a subordinate Court, to prevent the undersigned from participation in the Constitutionally protected activity as to defend the SLAPP complaint, at a hearing on the matter before the District Court. Further complicated by the fact those "orders" "reports of a Federal Magistrate" which were appealed under Rule 72 to the District Court, has since seen the Federal Magistrate recuse herself, due to the contrite recusal forced upon her by the plaintiffs in the underlying District Court case. Certification from the district court cannot be requested due to the underlying orders of the District Court, requiring leave to file any motion before the Court, and in seeking leave, it is immediately stricken for making a filing to seek the leave sought for relief.

The Interlocutory appeal concerns specifically those Rule 72 Appeals from the Federal Magistrate G.E. Birzer who the plaintiffs had demanded be recused via "verified motion for recusal" which was denied, at that time. The plaintiff's turned instead to a contrite recusal adding the son of the Federal Magistrate's chamber counsel, Samantha Parks Angell, as a material witness, despite that son, Spencer James Angell already being in the employ of the plaintiffs when they filed their Rule 26(a) disclosures, demonstrating clear dilatory and bad faith motives in the contrite recusal of a US Federal Magistrate Judge, allowing the plaintiffs to freely "judge shop" within the district court.

The order from which appeal is sought has solely to do with Document 334 and the denial of Appeals in Documents: 254; 255; 266; 289; and 292. NOTHING to do with "sanctions" as the Clerks

<u>Order is directed</u>.   In fact at the time of filing the interlocutory appeal the referenced Order 349, was

not known of by the undersigned, nor could it have been.   Order 349 is not referenced in the Notice or

initial brief for interlocutory appeal, nor as the Clerk points out could it be at this time.

The Interlocutory Appeal is NOT related to nor has anything to do with sanctions at all.   Nor is

the undersigned bringing an appeal advancing one argument to the district court and a different

argument on Appeal.   A party advances one argument to the district court and a different but related

argument on appeal. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, the Tenth Circuit found a

"palpable distinction" between a challenge to the district court's analysis of a rule and a challenge to

whether the rule applies at all. *497 F.3d 1135, 1142 (10th Cir. 2007).*

The Appeal directly challenges the CONSTITUTIONAL RIGHTS being deprived of the

undersigned in the right to defend a SLAPP (Strategic Lawsuit Against Public Participation).   The

Interlocutory Appeal as brought and its initial brief as fully briefed, yet obviously neither read nor

acknowledged by the Court Clerk, given the graveman error in mis identifying the Order from which

appeal is sought, must have review by the Appellate Court to prevent further manifest injustice.

As the Supreme Court recently put it, "[t]he premise of our adversarial system is that . . . courts

do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal

questions presented and argued by the parties before them." *NASA v. Nelson, ___ U.S. ___, 131 S. Ct.*

*746, 756 n.10 (2011) (quoting Carducci v. Regan, 714 F.2d 171, 177 (D.C. Cir. 1983) (Scalia, J.)*

*(internal quotation marks omitted)); see also United States v. Mitchell, 518 F.3d 740, 749 (10th Cir.*

*2008) ("Ours is an adversarial system of justice. The presumption, therefore, is to hold the parties*

*responsible for raising their own defenses.").*

The undersigned understands the legal process, and has sought relief as is proper throughout

the rules of the Courts, having first raised arguments in the district court. As a general rule, an

argument not first presented to the district court is not a proper basis for appeal.   *See, e.g., Singleton v.*

*Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.")*

<u>As the Tenth Circuit has explained,</u>

      [i]n order to preserve the integrity of the appellate structure, we should not be considered a "second-shot" forum, a forum where secondary, back-up theories may be mounted for the first time. . . . Parties must be encouraged to "give it everything they've got" at the trial level. *Tele-Commc'ns, Inc. v. Comm'r, 104 F.3d 1229, 1233 (10th Cir. 1997) (citation omitted).*

Arguments asserted but never pursued are not a basis for appeal. *See, e.g., Grynberg v. Total, S.A., 538 F.3d 1336, 1351 (10th Cir. 2008).*

Neither are "vague and ambiguous" arguments or "fleeting contention[s]" made in the district court. *U.S. Aviation, 582 F.3d at 1142.*

Waiver requires some intentional act by a party. *See United States v. Zubia-Torres, 550 F.3d 1202, 1205 (10th Cir. 2008).* Nelson cannot be held to waiver, based upon the intentional act of not appearing at a hearing based upon restrictions of another court, facing incarceration for attendance, wherein cruel and unusual punishment inordinately against the general principles of the Eighth Amendment to the US Constitution, has been inflicted for defense of the CONSTITUTIONALLY Protected activity of the defense of the SLAPP complaint. The US Constitution prohibits cruel and unusual punishment, as does the US Constitution provide for protections from judicial abuse, especially within an Article III, Federal Court. DUE PROCESS RIGHTS are the rights of the litigants to fair, equal access to the Courts and that DUE PROCESS of Law must ensue before the Courts can render effective judicial reasoning and decisions of matters brought before the Courts.

      The Appeal sought to the US Court of Appeals for the Tenth Circuit is sought correctly and properly in part for PLAIN ERROR, and absent immediate review a trial upon the merits would be tainted absent the review by the Appellate Court now. Both the interests of judicial economy and conservation of judicial resources is at direct issue in the interlocutory appeal now sought.

      Subjecting a citizen to inordinate punishment for violating the terms of one court's order at the behest of orders of another court is inherently a violation of Constitutional and Civil Rights to defend

the SLAPP litigation. Absent review by the Court of Appeals, Nelson's constitutional rights are

<u>deliberately stripped away without due process,</u> and tainting the merits of the trial, creating irreversible

error. The Appeal made interlocutory is to correct error (coram nobis) and for PLAIN ERROR.

**<u>HERE PLAIN ERROR has Been committed:</u>**

Plain error generally requires the proponent of the new argument to show
"(1) error,
(2) that is plain, which
(3) affects substantial rights, and which
(4) <u>seriously affects the fairness, integrity,</u> or **public reputation of judicial proceedings.**"
*Id.; see also United States v. Olano, 507 U.S. 725, 732 (1993) (referring to "plain" error that affects both "substantial rights" and the "fairness, integrity or public reputation of judicial proceedings")*

 <u>If each of these elements is satisfied, the court "may exercise discretion to correct the error."</u>
*United States ex rel. Bahrani v. ConAgra, Inc., 624 F.3d 1275, 1284 (10th Cir. 2010) (quoting Therrien v. Target Corp., 617 F.3d 1242, 1253–54 (10th Cir. 2010)). The standard as articulated by the Tenth Circuit is largely similar to the plain-error standards employed by other circuits. See, e.g., Lopez v. Tyson Foods, Inc., 690 F.3d 869, 877 (8th Cir. 2012); Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1193 (9th Cir. 2002).*

1. ERROR: The first prong of the test goes to the merits of the forfeited argument. It requires the appellant to explain why the district court erred, or why error would otherwise result if the district court's ruling is affirmed. Sometimes, the court tackles this element head-on, concludes there was no error, and declines to address the remaining prongs of the test. *See Eller v. Trans Union, LLC, 739 F.3d 467, 480 (10th Cir. 2013); see also United States v. Waller, 689 F.3d 947, 960 (8th Cir. 2012).*

2. The second prong of the test examines whether the alleged error is plain. To be plain, the error must be **"clear or obvious under current law."** *United States v. Bader, 678 F.3d 858, 868 (10th Cir. 2012).* "Clear or obvious" means that there is controlling precedent on point, either from the Supreme Court, the relevant federal circuit, or (if the issue is one of state law) the relevant state courts.

    > *See United States v. DeChristopher, 695 F.3d 1082, 1091 (10th Cir. 2012) ("In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." (citation omitted)); Therrien v. Target Corp., 617 F.3d 1242, 1253 (10th Cir. 2010) (looking to Oklahoma caselaw to determine that error was not plain under Oklahoma law); Hornick v. Boyce, 280 Fed. App'x 770, 775–76 (10th Cir. 2008) (noting that "this is an unsettled question under Colorado law, and the [appellants] have therefore failed to show any plain error").*

3. **Affects Substantial Rights**:   To satisfy the third prong of plain-error review, the appellant must show that the error affected his "substantial rights." *Richison, 634 F.3d at 1128.* This generally requires a showing of prejudice—**"a reasonable probability that, but for the error claimed, the result of the proceeding would have been different."** *Cordery, 656 F.3d at 1108 (quoting United States v. Gonzalez-Huerta, 403 F.3d 727, 733 (10th Cir. 2005)) (internal quotation marks omitted).*

Put otherwise, the appellant must convince the court of appeals that the error was not harmless. By statute and rule, appellate courts are required to ignore "harmless error," that is, error that does "not affect the substantial rights of the parties." *See 28 U.S.C. § 2111 (Westlaw 2015); FED. R. CIV. P. 61 (Westlaw 2015); FED. R. CRIM. P. 52(a) (Westlaw 2015); see also United States v. Kieffer, 681 F.3d 1143, 1158 (10th Cir. 2012) ("Rule 52(a) harmless error analysis and the third or 'substantial rights' prong of Rule 52(b) plain error analysis 'normally require[] the same kind of inquiry.'" (alteration in original) (quoting Olano, 507 U.S. at 734)).*

"[A]n error affecting a substantial right of a party is an error which had a 'substantial influence' on the outcome or [which] leaves one in 'grave doubt' as to whether it had such effect." *United States v. Charley, 189 F.3d 1251, 1270 (10th Cir. 1999) (quoting United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990) (en banc)) (alteration in original); see also Perkins v. Silver Mountain Sports Club & Spa, LLC, 557 F.3d 1141, 1151 (10th Cir. 2009) (indicating that under substantial-rights prong, proponent must show that error "affected the outcome of the proceedings").*

This showing is easy when a district court's plainly erroneous ruling was dispositive of the case or of an issue. *See Flud v. United States ex rel. Dep't of Veterans Affairs, 528 Fed. App'x 796, 799 (10th Cir. 2013) ("[T]he district court dismissed Flud's claim solely because he failed to comply with § 19, which the Oklahoma Supreme Court has since ruled is void and unconstitutional. Accordingly, the district court plainly erred in basing its dismissal on Flud's failure to comply with § 19." (citation omitted)).*

In this situation, **the error was clearly prejudicial**. First in the bare bones, examination of the fact the plaintiffs sought a verified recusal of the US Federal Magistrate, and then used a contrite addition of the son of the Magistrates Chamber Counsel to force the Magistrate's recusal. The prior reports of the Magistrate are the subject of the appeal, and not any order on sanctions. Secondly the factfinder, was absent the ability for the undersigned to appear at hearing due directly do to the travel restrictions and orders of a subordinate court in a neighboring state, the parallel criminal matter bein orchestrated by the pro hac vice attorney brought in by the plaintiff and his alter ego UCMK. The case has seen the parallel criminal matter be used as a procedural weapon to prevent discovery, have the undersigned violated and be taken into custody by following the Orders of the District court in Order 67, demonstrating a clear constitutional crisis question for the Appellate Court.

Here the undersigned makes counterfactual predictions about how a factfinder would have decided the case in the absence of the error. *See Ryan Dev. Co. v. Indiana Lumbermens Mut. Ins. Co., 711 F.3d 1165, 1172 (10th Cir. 2013); United States v. Brooks, 736 F.3d 921, 936 (10th Cir. 2013); see also United States v. Williams, 399 F.3d 450, 456 (2d Cir. 2005) (calling this a "mentally taxing and inherently speculative task").* Absent the error in the plain error in denial of constitutionally protected right to due process of law within hearings and within the Magistrate Judge's Report, the Court would have had the benefit of oral argument, and clear what the Court deemed as appeals which were not a model of clarity. The District Court was denied the ability to conduct a fair and equal hearing and thus deny due process of law due to the underlying orders in the parallel criminal matters. The District Court should have held the case in abeyance or STAY, pending resolution of the parallel criminal proceedings as the case precedents and laws including Constitutional point for the Courts.

**DISCRETION**

If the first three prongs of the plain-error test are met, the court then asks whether the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *E.g., Bahrani, 624 F.3d at 1284.* If so, the court "may exercise discretion to correct the error." *Id.*

This final prong of the test is purely discretionary, and it's impossible to say in the abstract when it will apply. Courts typically exercise their discretion "when an error is 'particularly egregious' and the failure to remand for correction would produce a 'miscarriage of justice.'" *United States v. Trujillo-Terrazas, 405 F.3d 814, 820 (10th Cir. 2005) (quoting Gonzalez-Huerta); see also Herrera v. City of Albuquerque, 589 F.3d 1064, 1075 (10th Cir. 2009) (similarly equating the fourth prong with a "miscarriage of justice")* This standard while "formidable. *Trujillo-Terrazas, 405 F.3d at 820.* Is within the interests of justice and to prevent further manifest injustice which will no doubt taint any trial upon the merits. Absent review at this stage of the five appeals from Magistrate Reports of a Magistrate Judge who has now been forced to be recused by the plaintiffs contrite recusal or "kneecapping" of the Federal Magistrate to use the words of the presiding US District Court Judge John W. Broomes, further proceedings in the underlying case will be no doubt tainted upon the merits and cause irreversible error, setting up a more complex and complicated appeal which will see further constitutional rights stripped from litigants before the Courts and taint any would be trial upon the merits, thus severely handicapping the fairness, equity and justice in the eyes of the public.

The court is more likely to consider a new argument if it presents a "strictly legal question the proper resolution of which is beyond doubt," *Daigle v. Shell Oil Co., 972 F.2d 1527, 1539 (10th Cir. 1992); Petrini v. Howard, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990)*

In the alternative in "**instances where public interest is implicated, . . . or where manifest injustice would result.**" *Rademacher v. Colo. Ass'n of Soil Conservation Dists. Med. Benefit Plan, 11 F.3d 1567, 1572 (10th Cir. 1993); see also Singleton, 428 U.S. at 121 ("Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, . . . or where 'injustice might otherwise result.'" (citation omitted)).* As here the public is interested, actively engaged, as the record demonstrates, and where manifest injustice has already occurred bringing forth Constitutional Questions including to the 1st, 4th, 5th, 6th, 8th and 14th amendments as well as the fundamental rights to due process of law.

Thus, whether the court will entertain an unpreserved argument depends on, among other things, the adequacy of the factual record; prejudice or unfair surprise to the parties; whether the issue is antecedent to or dispositive of another issue before the court; the age and complexity of the case; the interests at stake, including the extent of liability faced by one or more of the parties; and whether resolving the newly raised issue allows the court to avoid a more difficult issue, **such as an unsettled constitutional question.** *See United States v. Hardman, 297 F.3d 1116, 1123–24 (10th Cir. 2002) (en banc); Anixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1229 (10th Cir. 1996); Hicks, 928 F.2d at 970–71.* Other circuits have articulated similar considerations. *See, e.g., United States v. Gewin, 759 F.3d 72, 78 (D.C. Cir. 2014); Hayward v. Cleveland Clinic Found., 759 F.3d 601, 615 (6th Cir. 2014); N.J. Carpenters & Trustees v. Tishman Constr. Corp. of N.J., 760 F.3d 297, 305 (3d Cir. 2014).* Here there are myriad of unsettled constitutional questions and issues with due process rights of the litgants further exasperated by the threats of indeterminate incarceration for following the orders of the Federal Court in a Civil matter in face of a parallel criminal matter out of the same nexus.

The Tenth Circuit regularly states that **"[t]he plain error exception in civil cases . . . is an extraordinary, nearly insurmountable burden"** *See, e.g., Phillips v. Hillcrest Med. Ctr., 244 F.3d 790, 802 (10th Cir. 2001) (emphasis added); see also Richison, 634 F.3d at 1130 ("In civil cases [plain error] often proves to be an 'extraordinary, nearly insurmountable burden[.]'" (quoting Employers Reinsurance, 358 F.3d at 770)).* Likewise is the burden that befalls an unrepresented pro se litigant impoverished due to a series of ponzi like schemes and is being bullied in multiple courts simultaneously where multiple conflicting orders have been given, and the pro se undersigned has already been taken into custody and given inordinate conditions and excessive bails in retaliation for participation in the constitutionally protected activity of the defense of the SLAPP litigation originally filed, which is further complicated by the fact the originating SLAPP petition was REPLETE with RACIAL INSULT in place of the given name of the defendant undersigned.

As the court recently put it, "[i]n our adversarial system we don't usually go looking for trouble but rely instead on the parties to identify the issues we must decide." *Niemi, 728 F.3d at 1259.*

Issue of "invited error", wherein Nelson is prejudiced by not attending a trial, given the conflicting orders of a directly parallel hereto criminal proceedings prohibiting travel to the forum state where hearing was held.   The inability for the District Court to have administered all due process of law rights, in the face of the inordinate bail and punishment for appearing at hearing thus violating the eighth amendment and certainly giving rise to violations of the 1st, 4th, 5th, 6th and 14th amendments.

Nelson was previously found to be in violation of another courts orders by conducting email with the opposing counsel, in the Federal Civil Case, wherein Nelson was ordered to conduct such email communications, see Order of the Court in Document 67; resulting in Nelson being taken into custody and to jail, violating Nelson's eighth amendment rights against cruel and unusual punishment and excessive bail.  As a opposed to the following of the Orders in a Federal Civil litigation.  [i]n order to preserve the integrity of the appellate structure, we should not be considered a "second-shot" forum, a forum where secondary, back-up theories may be mounted for the first time. . . . Parties must be encouraged to "give it everything they've got" at the trial level.   *Tele-Commc'ns, Inc. v. Comm'r, 104 F.3d 1229, 1233 (10th Cir. 1997) (citation omitted).*  This basic and fundamental due process right to "give everything they've got" at the trial level, was unfairly denied to the undersigned unrepresented party appearing pro se, due directly to the conflicting orders of a parallel criminal court.  Thus due process of law was violated and a plethora of US Constitutional rights were denied, demonstrating a clear constitutional crisis and unresolved constitutional questions.

The legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Moser, 747 F.3d at 837 (alteration in original) (quoting U.S. Nat'l Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993)) (internal quotation marks omitted).*

The Tenth Circuit frequently reiterates that it depends heavily on the adversarial process to fully air the parties' positions, sharpen the issues for review, and <u>avoid ill-informed decisions</u>. *See Hill, 478 F.3d at 1251.* To properly preserve an issue, a party must do more than simply raise it. She must both "aler[t] the district court to the issue and see[k] a ruling." *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd., 582 F.3d 1131, 1142 (10th Cir. 2009) (quoting Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1141 (10th Cir. 2007)).* These requirements have been met here, yet the District Court chose instead to hold hearing simply stating that the appeals being appealed were "not a model of clarity" and concentrating 90% of the hearing on the matter of the contrite recusal of the US Federal Magistrate, who the plaintiffs had previously tried to recuse via verified motion of recusal, when she did not the plaintiffs next move as the record indicates was to "kneecap" using the words of US District Judge John W. Broomes.

This interlocutory appeal via the Appellate court for the Tenth Circuit, with its developed sophisticated, often complex, and sometimes conflicting set of preservation rules, serve an important function as part of the "winnowing process" of litigation, the "machinery by which courts narrow what remains to be decided." *Exxon Shipping Co. v. Baker, 554 U.S. 471, 487 n.6 (2008) (internal quotation marks and internal citation omitted).*

An order is interlocutory if it is made during the pendency of an action and it does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all the parties involved in the controversy. *Veazey v. Durham, 231 N.C. 357, 57 S.E.2d 377 (1950)* as here.

Finally, a writ of mandamus is warranted in this matter, especially given the multifactor approach necessary in deciding whether to grant such discretionary relief, including weighing whether the complained-of order involves an important issue of first impression, as it certainly does here, and the irreversible petitioner's harm is irreparable, and the trial court's abuse of discretion was pervasive or extreme, using the orders of a parallel criminal case in its restrictions to prevent due process of law and proper review of Rule 72 appeals from magistrate reports, which should have been reviewed de

novo, adding the complication the Federal Magistrate has now been forced to be recused via contrite recusal by the plaintiffs.

Writs of mandamus were traditionally rarely used. But a 2009 decision by the United States Supreme Court changed that, **suggesting that a writ of mandamus may be an appropriate vehicle for privilege issues.** The rationale was that the forced disclosure of privileged information was indeed an important issue independent of the merits that was effectively unreviewable on appeal, given that the "bell cannot be unrung" once the privilege is broken.

Respectfully Submitted this the 19th Day of January 2023.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

Michael Eric Nelson
Pro - Se
Required Certificate of Service to opposing parties and certification 32g included separately to follow.

**Form 6.**
**Certificate of Compliance With Type-Volume Limit Certificate of Compliance With**
**Type-Volume Limit, Typeface Requirements and Type Style Requirements**

1. This document complies with the type-volume limit of Fed. R. App. P. 32(g) AND the
   word limit of Fed. R. App. P. 27.3(B) because, excluding the parts of the document
   exempted by Fed. R. App. P. 32(f):

   a. this document contains 5,160 words

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and
   the type style requirements of Fed. R. App. P. 32(a)(6) because:

   a. this document has been prepared in a proportionally spaced typeface using
      GOOGLE DOCUMENTS, version **2.22.497.2.all.alldpi updated as of 9 Jan
      2023** in, font size 12 of "Times New Roman"

DATED:    19 Jan 2023

Michael Eric Nelson - Pro Se

| Word count | ✕ |
|---|---|
| Pages | 14 |
| Words | 5160 |
| Characters | 31351 |
| Characters excluding spaces | 26210 |

### Certificate of Service

The undersigned hereby certifies that, on this same date, I filed the foregoing, attached herewith Motion to US Court of Appeals for the Tenth Circuit with the Clerk of the Court for the US District of Kansas Federal Court and sent the same via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

IN ADDITION the attached has also been delivered via USPS Certified MAIL both to the Court of Appeals for the Tenth Circuit at: Tenth Circuit Court of Appeals; 1823 Stout Street; Denver Colorado 80257 AND to opposing counsel at: Attention: CHRISTOPHER JON KELLOGG Kennedy Berkley Yarnevich & Williamson, Chartered  Post Office Box 2567  SALINA KS 67402-2567

Certified Mail number sent USPS postage paid to opposing counsel: 9214890142980477606638

Michael Eric Nelson

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com

Phone: 702-932-3434

Rule 32(g)

(1) Briefs and Papers that Require a Certificate. A brief submitted under Rules 28.1(e)(2), 29(b)(4), or 32(a)(7)(B)—and a paper submitted under Rules 5(c)(1), 21(d)(1), 27(d)(2)(A), 27(d)(2)(C), 35(b)(2)(A), or 40(b)(1)— must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The person preparing the certificate may rely on the word or line count of the word-processing system used to prepare the document. The certificate must state the number of words—or the number of lines of monospaced type—in the document.
(2) Acceptable Form. Form 6 in the Appendix of Forms meets the requirements for a certificate of compliance.

7353025.1.20

**Length. Memorandum briefs filed under this rule shall be no longer than 5200 words in**

**length or 20 pages if typed or handwritten.**

**https://www.ca10.uscourts.gov/sites/ca10/files/clerk/2023FRAPandLocalRulesForm4.pdf**

===============================

The undersigned has also dutifully phoned the Court for the Honorable Tenth Circuit Court of Appeals to discover the procedures necessary given the incongruous and certain erroneous order to file complaint of which, I was informed from only Kaitlyn Walker could be of assistance and Jessica and Brenda in the office for David Tighe were unable to provide their surname under orders from Dave Tighe.   It is evident and obvious that Lara Smith acting for the Clerk of the Court, neither read nor comprehend the interlocutory appeal as presented, as Lara Smith's Order on behalf of Christoperh M. Wolderpert Clerk neither mentions nor articulates the substance of the appeal and instead references ECF 349, which the appeal neither concerns nor references, as the document was neither received nor noticed prior to the filing of the appeal to Order Document Number 334.

USPS Mail by the 24th of January !

Tenth Circuit Court of Appeals
1823 Stout Street
Denver Colorado 80257

Circuit Executive (CE) David Tighe
1823 Stout Street
Denver Colorado 80257

Jessica refused to provide last name … David Tighe
Brenda refused to provide last name… same ..

Kaitlyn Walker … Executive Assistant
regarding Judicial Misconduct

===============================

7353005 1 21

1

## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>Plaintiffs, counter-defendants<br><br>v.<br>Michael Nelson .<br><br>Defendant; Counter-Plaintiff PRO-Se. | DOCKET NO.:    5:22-CV-04008-JWB-TJJ<br>CIVIL ACTION<br><br>NOTICE OF SERVICE<br><br>[Jury Trial Demanded] |
|---|---|

## NOTICE OF SERVICE

The undersigned hereby certifies that, on this same date, Postage Paid United

States Postal Mail CERTIFIED MAIL DELIVERY to

CHRISTOPHER JON KELLOGG

Kennedy Berkley Yarnevich & Williamson, Chartered

Post Office Box 2567

SALINA KS 67402-2567

USPS CERTIFIED MAIL NUMBER: 9214890142980477606638

# Job IDs: 7352794

## COPY of FIlings made in Show Cause to Docket Number:  Docket #: 23-3005

I, Michael Nelson, defendant and Counter Plaintiff also herewith request this

Honorable US Federal district Court to adhere to the principles and doctrine as they shall so

apply to a person so impoverished as myself who must appear in proper person, pro se, before the US

Federal Article III Constitutional Court and apply a document filed pro se is "to be liberally construed,"

*Estelle, 429 U.S., at 106, 97 S.Ct. 285,* and "a pro se complaint [pleading], however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule*

2

*Civ. Proc. 8(f)* ("All <u>pleadings shall be so construed as to do substantial justice</u>"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

<u>Respectfully Submitted, this 19th day of January 2023;</u>



Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com
Phone:  702-932-3434

CERTIFIED MAIL



Scanned by
US Marshal